UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TANYA BROWN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-09-49 |
| | § | |
| REFUGIO COUNTY, TEXAS, | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION & ORDER

Plaintiff Tanya Brown ("Plaintiff" or "Brown") asserts claims under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*  Pending before the Court is Defendant's Motion

to Dismiss (Dkt. No. 5).  Having considered the motion, response, and relevant law, the Court

finds that Defendant's cursory Motion to Dismiss should be DENIED.

### Factual Background

Brown worked for Refugio County, Texas in its Sheriff's Office for approximately two

years as a Sheriff's Deputy.  She alleges that she was subjected to discrimination, retaliation, and

harassment by then Sheriff Petropoulos.  (Dkt. No. 1).  Additional facts relevant to the

adjudication of this matter are developed below as necessary.

### Standard of Review

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a

claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a Rule

12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable

inferences in her favor.  *See Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327

(1991).  The court may not look beyond the face of the pleadings to determine whether relief

should be granted based on the alleged facts.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.

1999) (citing *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279

(5th Cir. 1991)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory.  *See Frith v. Guardian Life Ins. Co. of*

*Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).  While a complaint need not contain detailed

factual allegations to survive a 12(b)(6) motion, the Supreme Court held that a plaintiff's

"obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of a cause of action's elements will not do*."  Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 563 (2007) (abrogating the *Conley v. Gibson*, 355

U.S. 41 (1957) "no set of facts" standard as "an incomplete, negative gloss on an accepted

pleading standard") (citations omitted).  Plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at

570 , 555; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

**Analysis**

To establish a prima facie case of sex <u>discrimination</u> under Title VII, a plaintiff must

show "(1) she was a member of a protected class, (2) she was qualified for the position she lost,

(3) she suffered an adverse employment action, and (4) that others similarly situated were more

favorably treated."  *Urbano v. Continental Airlines, Inc*., 138 F.3d 204, 206 (5th Cir. 1998);

*Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).  To make a prima facie showing of

sexual <u>harassment</u> by a superior, a claimant must satisfy the following four elements: (1) she

belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the

harassment complained of was based on sex; and (4) the harassment affected a term, condition,

or privilege of employment.  *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999).  To

establish a prima facie case for unlawful retaliation, a plaintiff must prove: (1) that she engaged

in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a

causal link existed between the protected activity and the adverse employment action.  *Grimes v.*

*Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).  An

employee has engaged in activity protected by Title VII if she has either (1) "opposed any

practice made an unlawful employment practice" by Title VII, or (2) "made a charge, testified,

assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title

VII. 42 U.S.C. § 2000(e)-3(a); *Grimes*, 102 F.3d at 140; *Long v. Eastfield Coll.*, 88 F.3d 300,

304 (5th Cir. 1996).

   Brown's Complaint sets forth sufficient facts to state a claim for sex discrimination,

sexual harassment, and unlawful retaliation.  Brown has alleged that she "distinguished herself

by her hard work, competency, and commitment to the citizens of Refugio County, Texas" while

she was employed as a Sheriff's Deputy.  (Dkt. No. 1).  Brown has also alleged females were

treated less favorably than males by then Sheriff Petropoulos.  The inappropriate conduct alleged

by Brown includes, but is not limited to, "requests for sexual favors, comments about the

Plaintiff's body, sexual emails, . . . and repeatedly trying to get the Plaintiff to date

[Petropoulos'] friends."  (*Id.*).  Brown asserts that throughout her employment, she "opposed

Sheriff Petropoulos and his male commanding officers' sex discrimination . . . . [and] repeatedly

ma[de] excuses in an attempt to avoid Sheriff Petropoulos' requests to accompany him and his

friends on trips unrelated to her employment." (*Id.*).   Brown states that because of her

oppositional activity and in further discrimination against her based on gender, she was

constructively terminated on or about August 18, 2008.  (*Id.*).  Brown further alleges that

following her constructive termination, the Refugio County, Texas Sheriff subjected her to post-

employment retaliation for filing and pursuing a Charge of Discrimination against it with the

EEOC.  (*Id.*).  These facts are sufficient to state a claim under all of the theories put forward by

Brown.  Accordingly, Defendant's Motion to Dismiss is DENIED.

It is so ORDERED.

Signed this 19th day of November, 2009.


_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE